## SANTIAM LUMBER CO. *v.* STATE TAX COMMISSION

## WILLAMETTE VALLEY LUMBER CO. *v.* STATE TAX COMMISSION

Norman J. Weiner, Portland, argued the cause for plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for plaintiff rendered May 12, 1965.

EDWARD H. HOWELL, Judge.

As the above cases present identical issues, they have been consolidated for trial and decision.

The plaintiffs are engaged in the lumber business in Linn County. In February, 1957, they made their personal property tax returns. In April, 1957, the county assessor made a formal demand on the plaintiffs for more information on the personal property involved, which did not include merchandise, inventories or stock in trade. The demand was refused.

The board of equalization met in May and equalized the assessment rolls using the values placed on the property by the plaintiffs. The rolls were delivered to the sheriff on or about October 15, 1957, and the plaintiffs paid the taxes charged. During this time the assessor, still not satisfied with the values the plaintiffs had placed on the personal property returns, informally requested the State Tax Commission to exercise its supervisory power to correct the assessment. ORS 305.090, ORS 306.111. In February, 1958, the plaintiffs were advised that the State Tax Commission had set the matter down for a hearing to be held in March, 1958. After the hearing the State Tax Commission, in January, 1959, issued orders increasing the assessed values of plaintiffs' property. Various rehearings were held, but they are not material.

Plaintiffs secured a Writ of Prohibition from the Circuit Court of Linn County preventing any changing of the rolls and, on appeal by the State Tax Commission, the case was reversed on jurisdictional grounds. *Willamette Val. Lbr. Co. v. Tax Com.,* 226 Or 543, 359 P2d 98, 360 P2d 926 (1961).

The issue before this court is whether there was a time limit for the State Tax Commission to exercise its supervisory authority. This issue was not decided by the Supreme Court on the appeal because of the jurisdictional feature. Furthermore, the specific issue of the right of the tax commission to exercise its supervisory powers after December 31 of the tax year in question is, as was stated in the Supreme Court opinion, not likely to be presented again because of certain amendments to the statute involved.

At the time in question, ORS 311.205 did not have any limitation of time for the State Tax Commission to exercise its supervisory power. The 1961 legislature

amended ORS 311.205① to limit the time for the exercise of supervisory powers over separate assessments to December 31 of the current assessment year.

■ If this court were to hold there was no time limit under the statutes prior to the amendment, there would never have been any finality to a tax paid by a taxpayer. The tax commission would be able to intervene under its supervisory powers wherever it desired without any restriction. It appears to this court that a reasonable and proper time to exercise its supervisory powers would be by December 31, the end of the current tax year. Apparently, the legislature agreed that this date would be a proper termination date when they enacted Or L 1961, ch 234. Therefore, the tax commission, in January, 1959, did not have authority to increase the 1957-1958 assessment.

---

① "ORS 311.205 * * * No change or correction applicable to a separate assessment of property shall be made to the assessment roll for the current assessment year where any request or order issued under ORS 305.090 or 306.111 is made or mailed later than December 31 of such year."